Nott, J.,
delivered the opinion of the court:
This claim is for 625 cords of wood at $3 per cord, amounting to $1,875, taken from the land of James M. Stout, near Dover, Pope County, Ark.
The wood was cut by United States troops in the years 1866,. *349 1867. The evidence offered is to establish the facts that wood was cut, more or less, upon 25 acres of land; that the quantity-cut and carried away by the soldiers averaged- about 25 cords per acre, and that it was worth $3 a cord.
There is no evidence as to the title of the land; none to show how the claimant acquired it, what was the nature of his estate or interest in it, or that he was in actual and undisturbed possession. The evidence as to the acreage cut over by the soldiers appears to be nothing more than the loose opinions of the witnesses, without the slightest data to show upon what they based their conclusions. The value of the wood is stated by them, but it does not appear that they knew of any sales being made, or of any demand existing, nor what was the value ■of the land before the wood was cut.
As claims for fuel form an important if not the chief item in these Congressional cases, the court will state, for the convenience of the bar, some rules which will hereafter govern in estimating the evidence upon which such suits may be presented :
(1) In the case of standing timber it is not sufficient to show possession and treat the ownership as one of personal property. A tenant for life or for years is not the owner of timber growing upon the freehold, nor entitled to recover for the taking of it. In such cases it will not be necessary to prove a chain of title as in.an action of ejectment, but it will be necessary to establish the fact that the claimant was holding as owner of the land.
(2) In the case of fences there must be a variation of the preceding rule, for it is often the duty of the tenant to maintain the fences; and though they are in law a part of the freehold, the loss may in fact be his and not the landlord’s. The intention of Congress in all Congressional cases is to reimburse the person upon whom the loss actually fell. In this class of cases it must be shown that the tenant replaced fences or buildings, taken and used by the Army, at his own cost; otherwise, the loss will be deemed that of the owner of the land.
(3) As regards the quantity of the fuel taken, the loose estimates of unknown witnesses can not be accepted by the court as satisfactory evidence. It was not possible for the owner to measure the wood which soldiers were cutting and carrying away, nor 'to count the rails which an army was reduc *350 ing to fuel; but the land upon which the trees stood still remains, and fields and lanes which the fences inclosed are still susceptible of measurement. Such measurement will not require ordinarily a professional surveyor. The dimensions of a wood lot or the length of a lane can be readily ascertained by capable and disinterested witnesses in the ordinary employments of life, and will be approximately sufficient and incomparably more valuable than the guesses of witnesses that a wood lot contained from 25 to 30 acres, or that a lane was from a quarter to a half a mile in length.
(4) The value of fuel taken for the Army will ordinarily be determined by the price which the Quartermaster’s Department was paying for fuel at the time and in the vicinity. If there be cases where exceptional facts gave exceptional value to the property taken, this higher value must be shown in the manner prescribed by the law of evidence. All of the facts from which a jury would deduce a value must be laid before the court — the value of the land before the timber was cut, the demand for wood in the locality, the sales that had actually taken place, the price in the nearest market, the distance and cost of transportation, and any other fact which in an ordinary suit would be deemed proper or essential in determining the measure of damages.
The present ease is not sustained by satisfactory evidence, and will be so reported to Congress.