Nott, Ch. J.,
delivered the opinion of the court:
The claimant submitted the claim which is the subject-matter of this suit to the Quartermaster-General upon the ex parte testimony of himself and two witnesses. The Quartermaster-General apparently deemed the evidence insufficient and adopted apparently the report of Deputy Quartermaster-General Henry 0. Hodges, the conclusion of which- is, “I do not think that the claim is proved.” In this court the claimant has called the same persons to testify, and no other witnesses. In this state of the record the defendants have moved to dismiss the case under the decision in Galhoon’s Case (24 G. Gis. B., 414), where it was held that “this court is not authorized to sit in review of the decisions of the Quartermaster-General or the Southern Claims Commission, and when a claimant does not pursue his remedy by new evidence his claim must be dismissed.” The claimant replies to this that testimony taken in this court is iiew evidence.
In one sense the contention of the claimant is sound. The testimony of Avitnesses subjected to oral and cross examination is of a higher character than their ex parte affidavits. But these Congressional cases are of a peculiar character. The parties have had their day in court; an adjudication A\rent against them in the former tribunal; they come into this court now by the grace and favor of Congress, and it must be assumed that they have been sent here to enable them to produce new and better and stronger evidence in support of their demands than was submitted to the Southern Claims Commission or the Quartermaster-General. To call the same witnesses and none other is not, in the opinion of the court, the production of new and better and stronger evidence. But as the point is new, the case will be remanded to the gen *453 eral docket with leave to tbe claimant to produce additional evidence during tbe present term.
The court also calls attention to tbe fact that tbe evidence to support the claim for standing timber is insufficient and incompetent to show title to the realty in the claimant under the decision in Stout’s Case (24 C. Cls. R., 348).
the court is that the defendants’ motion be overruled without prejudice to its being renewed at the nest term of the court if the claimant shall in the méanwhile fail to produce new and additional evidence.